Alan LONGSTAFF d/b/a Alan Longstaff Masonry Co., Appellant (Plaintiff),

v.

Jack W. MILLS d/b/a Dunmar Best Western Inns and Brent Steeples d/b/a Investco Construction Co., Inc., a foreign corporation, Appellees (Defendants).

No. 88–117.

Supreme Court of Wyoming.

May 9, 1989.

Alan Longstaff, pro se.

Richard L. Lavery of Vehar, Beppler, Jacobson, Lavery and Rose, P.C., Evanston, for appellees.

Before THOMAS, URBIGKIT, MACY and GOLDEN, JJ., and RAPER, Retired J.

---

RAPER, Justice, Retired.

Appellant's complaint appears to allege an oral contract. The trial judge sustained a Motion to Dismiss on the ground that the statute of limitations had run against the claim.[1]

Appellant presents the issues to be:

1. Does Plaintiff's complaint state a claim upon which relief can be granted on grounds sufficient to withstand a rule 12(b)(6) motion to dismiss?

2. Was Defendant Mills['] motion to dismiss under WRCP 12(b)(6) converted to a motion for summary judgment?

3. Did the Court err in granting Defendant's motion to dismiss Plaintiff's complaint?

4. Did the Court abuse it[']s discretion when it granted Plaintiff's late filed motion for a new Trial?

Appellee states that:

The question presented is whether or not the district court erred in concluding, that the eight year period of limitation was applicable to the agreement between Appellant and Appellee, that the period of limitations had run and that no *material* facts were in dispute.

We will reverse and remand for further proceedings.

The appellant, pro se, filed a complaint against appellee on May 12, 1987, in which he alleged that "[o]n or about March of 1978 the Plaintiff was orally contracted by the Defendants in the amount of $84,500 to provide the labor and materials for the masonry work on a forty unit addition to the Best Western DunMar Inn of Evanston, Wyoming." It was further alleged that additional masonry work in the amount of $4,093 for a total of $88,593 was agreed upon between the parties. The complaint also stated that "[a]s of August 2nd 1978 Plaintiff had received a total of $80,093 from the Defendants leaving a balance owing to Plaintiff of $8,500 which balance was due and payable to Plaintiff upon completion of 'minor masonry touch-ups'" which it is alleged were completed on or about October 5, 1978. According to the complaint, requests for settlement went unheeded, so the prayer claimed $8,500, court costs, attorney fees, interest and punitive damages "for breach of contract."

In a handwritten affidavit to the complaint, affiant stated that "eight years have not elapsed since the cause of action has [accrued]."

Appellee filed a Motion to Dismiss or in the Alternative for a Judgment on the Pleadings pursuant to W.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted, claiming W.S. 1-3-105(a)(ii)[2] barred the action on October 4, 1986, eight years having elapsed.

Appellant responded with a claim that a written agreement and/or promise in writing was signed by plaintiff and defendant on August 2, 1978, supported by his affidavit to which was attached a document he claimed constituted the written agreement. The attachment was handwritten on a printed statement form stamped "Alan Longstaff Masonry Co., 2627 East 10,000 South, Sandy, Utah 84070." It bore a date of August 2, 1978, and listed various items as follows:

| | | |
|---|---|---|
| Basic contract price | | 83,500 |
| Extra block basement ht: 196 × 2 | = | 392 |
| Jos outs 15 × 8-33 fade out | = | 87 |
| Mech room basement | | 392 |
| Outside stairs wall | | 138 |
| Retaining wall extra block | | 48 |
| Total extra block @ $3.50 per unit | | 3,699 |
| 203 switchbox cuts @ $1.50 per cut | | 304 |
| 10 hours forklift use @ $45 with operator | | 450 |
| Total with extras | | 87,593 |
| Paid to date | | 35,000 |

Full balance to be paid upon comp of minor masonry touchups
terms accepted

---

1. Although served, Brent Steeples d/b/a Investco Construction Co., Inc., did not answer or otherwise plead in the district court and is not a party to this appeal.

2. W.S. 1-3-105(a) provides in pertinent part:
   (a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:
   (i) Within ten (10) years, an action upon a specialty or any contract, agreement or promise in writing;
   (ii) Within eight (8) years, an action:
   (A) Upon a contract not in writing, either express or implied[.]

In the upper part of the document appear some initials which conceivably could be those of Jack W. Mills, appellee. Appellant, in his affidavit, stated that two of the documents were made. One was initialed by him and delivered to Mills and the other initialed by Mills and delivered to appellant, the one attached to his affidavit. Appellee claimed the attachment kept by appellant has been altered to include language on the bottom: "[B]alance to be paid upon comp of minor masonry touchups[.] [T]erms accepted."

Also attached to appellant's affidavit was a copy of a letter from appellee's attorney to appellant's attorney dated November 26, 1979. The letter stated that "[t]he initials appearing on the statement simply related to the payment of the $44,556.73."

Upon the basis of briefs filed and other material, the court sustained appellee's Motion to Dismiss.

A letter dated August 24, 1979, addressed to the then attorney for appellee, sent by him to appellant's then attorney, and signed by appellee Mills, stated in part that:

> As per your request for details in reference to work done on addition to Dunmar Motel by Alan Longstaff Masonry Co. This job was to have been completed for a sum of $83,500.00 with extras, as per statement from Alan Longstaff Masonry Co., August 2, 1978. Total bill with extras $87,593.00, less payments of:
>
> $25,000.00 June 16, 1978 Check # 20A
> 10,000.00 July 13, 1978 Check # 028
> 44,556.73 August 2, 1978 Check # 057
> ——————
> $79,556.73 Total amount paid, resulting
>
> in an unpaid balance of $8,036.27. Subtract from this amount * * * Use Tax of $536.27, leaving a balance of $7,500.00. (See # 1 Copy)

The letter closes with the following statement:

> It is hoped Mr. Longstaff doesn't object to the charges listed, as we never questioned his extra charges in the amount of $4,093.00 on August 2, 1978, and paid him in full on the extras

> $ 7,500.00 – Balance Owing, less charges listed
> – 905.38 – Windows
> – 104.00 – Weatherstripping windows
> – 795.00 – Plaster (Berger Lath & Plaster Co.)
> – 1,875.31 – Carpenter (Mel Teeples Co.)
> – 2,028.00 – Rooms used by Mr. Longstaff & Crew
> – 105.00 – Clean-up
> ——————
> $ 5,812.69 – Leaving a remaining balance of $1,687.31.

Since the letter dated August 24, 1979, acknowledged an account dated August 2, 1978, it would appear that there is a period of less than eight years between the date of acknowledgement and the date of the filing of the appellant's complaint.

| | |
|---|---|
| Date of acknowledgement | August 24, 1979 |
| Period of limitation years | 8 |
| Last day to file | August 24, 1987 |
| Date of complaint | May 12, 1987 |

W.S. 1–3–119 provides:

> When payment has been made upon any demand founded on contract or a written acknowledgement thereof, or promise to pay the same has been made and signed by the party to be charged, the time for commencing an action runs from the date of such payment, acknowledgement or promise.

This injects a new question: Was the period of the limitation extended/tolled by appellee's letter of August 24, 1979?

In response to the district court's dismissal of his complaint, appellant filed a motion for a new trial. The district judge treated the motion as if it was a motion for reconsideration and granted it. At the same time, the trial judge set the matter for an evidentiary hearing, limiting the question:

> The sole issue upon which evidence shall be received is whether the Statute of Limitations respecting oral agreements or the Statute of Limitations respecting written instruments applies in this case.

At the hearing, the letter of appellee dated August 24, 1979, was offered into evidence and received by the district judge. The appellee, Mr. Mills, was asked by the trial court whether he had authorized his attorney to send the letter to appellant's attorney. His answer was, "I never did."

Appellant, in his argument to the court, asserted that if the agreement was oral, it was tolled by W.S. 1-3-119. Appellee did not argue the point. The trial judge did not mention or dispose of the matter in his decision at the close of the hearing, though during the proceeding some colloquy concerning the letter came up:

> THE COURT: You would then argue with respect to Plaintiff's Exhibit 5 that Plaintiff's Exhibit 5 becomes an additional written acknowledgement of a debt to you?
>
> (Mr. Longstaff nodded.)
>
> THE COURT: It becomes a written agreement signed by Mr. Mills agreeing to pay you at least $1,687.31?
>
> MR. LONGSTAFF: Yes.

We are convinced that the statute had been tolled by appellee's letter of August 24, 1979, which acknowledged a debt clearly identifiable in appellant's claim as set out in his complaint. As set out above, the basic contract price of $83,500 plus extras came to $87,593. After crediting payments, $8,036.27 remained unpaid, from which a use tax of $536.27 was to be deducted, leaving a balance of $7,500. There are errors in arithmetic in appellant's claim as he developed it, but he indicated in a brief he needed "a crash course in elementary math." Those are minor problems and can be straightened out by trial.

The appellee further stated in his letter that "[i]t has not been our intent to ignore this unpaid amount." He also claimed poor workmanship and listed the corrective measures taken as the basis of a set-off against appellant's claim. This, of course, will have to be developed by further pleading and trial. The important thing is that a clear written acknowledgement of appellant's claim exists.[3]

While appellee, by the letter, appears to claim set-offs, they are not yet an issue in this case. No answer has yet been filed. As said in *Investment & Security Co. v.*

*Bunten,* 56 Wyo. 77, 103 P.2d 414 (1940), letters which make excuses for nonpayment of a note and do not deny the obligation nor regard the indebtedness as nonexistent are sufficient acknowledgment to revive the debt as a claim otherwise barred by limitations.

In citing and quoting from a Kansas case, this court in *Investment & Security Co.,* 103 P.2d at 418, emphasized the following Kansas language:

> No set phrase or particular form of language is required; *anything that will indicate that the party making the acknowledgment admits that he is still liable on the claim, that he is still bound for its satisfaction, that he is still held for its liquidation and payment, is sufficient to revive the debt or claim; and there is no necessity that there should also be a promise to pay the same, either express or implied.* [Emphasis in original.]

This is also true in Wyoming.

We are satisfied that the statute of limitations was tolled and that appellant's complaint was timely filed within an eight-year period as extended. This makes it unnecessary to determine whether the contract was oral or written.

Reversed and remanded for further pleading and trial.

---

3. Appellee's counsel did not object to the letter except as to various notes which had been written on it by appellant. There was no objection on the ground of privilege. That the acknowledgement was sent to appellee's attorney and by him sent to appellant's attorney does not make it any less a written acknowledgement, signed by appellee. His attorney had apparent authority to transmit it as he did within less than a year after the work was completed and no one at that time was thinking about the limitations statute.